# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELANIE ANDRESS-TOBIASSON,
Petitioner,

vs.

NEVADA COMMISSION ON JUDICIAL
DISCIPLINE,
Respondent.

No. 77551

**FILED**

MAY 1 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition in a judicial discipline matter. Judge Melanie Andress-Tobiasson asks us to prevent the Nevada Commission on Judicial Discipline from requiring her to answer what she calls "interrogatories" before the Commission has filed a formal statement of charges against her. We grant the petition in part, agreeing that the Commission does not have the authority to require that Andress-Tobiasson answer the Commission's written questions under oath. But to the extent Andress-Tobiasson asks us to prohibit the Commission from asking her to voluntarily respond to written questions before a formal statement of charges, we deny the petition.

I.

The Commission filed a complaint against Andress-Tobiasson, but has not yet filed a formal statement of charges. *Compare* NRS 1.4263 ("'Complaint' means information in any form and from any source that alleges or implies judicial misconduct or incapacity."), *with* NRS 1.4267 ("'Formal statement of charges' means a document setting forth the specific acts of judicial misconduct or incapacity, including any amendment

thereto."). After an investigation into the complaint, the Commission determined that "there is a reasonable probability that the evidence available for introduction at a formal hearing could clearly and convincingly establish grounds for disciplinary action against" Andress-Tobiasson. NRS 1.4667(1). Following this initial determination, and as part of the Commission's inquiry into whether to file a formal statement of charges, *see* NRS 1.467(1), the Commission required Andress-Tobiasson to respond to the complaint against her. *See* NRS 1.4667(3) ("If the Commission determines that such a reasonable probability exists, the Commission shall require the judge to respond to the complaint in accordance with procedural rules adopted by the Commission.").

In doing so, the Commission asked Andress-Tobiasson to respond generally to a list of issues from the complaint the Commission wanted addressed, as well as specifically to a written set of questions. The introduction to the set of questions tells Andress-Tobiasson that she "is required to answer the questions separately and fully in writing **under oath**." After receiving the questions, Andress-Tobiasson petitioned this court for extraordinary relief, requesting that the Commission's "set of interrogatories" be withdrawn. While the amicus curiae, Nevada Judges of Limited Jurisdiction, raises additional issues with the Commission's disciplinary process, Andress-Tobiasson's petition only requests relief from the set of written questions that the Commission directed her to answer under oath.

II.

We have original jurisdiction to grant extraordinary writ relief in Commission proceedings. *Jones v. Nev. Comm'n on Judicial Discipline*, 130 Nev. 99, 104, 318 P.3d 1078, 1081 (2014); *see* Nev. Const. art. 6, § 4. We

may exercise our discretion to issue a writ of prohibition to arrest the proceedings of the Commission "when such proceedings are without or in excess of the jurisdiction of" the Commission, NRS 34.320, and "where there is not a plain, speedy and adequate remedy in the ordinary course of law," NRS 34.330. No statute or rule authorizes the Commission to require a judge to answer written questions under oath before a formal statement of charges. And it would be inadequate to allow the Commission to require Andress-Tobiasson to answer the questions under oath now and forgo her challenge to the procedure until the Commission issues an appealable decision, if it ever does. *See Jones*, 130 Nev. at 104, 318 P.3d at 1082 (recognizing that there is no adequate legal remedy to afford prehearing relief, "as an appeal is available only from an order of censure, removal, retirement, or other discipline entered after the formal hearing"); *cf. Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 351, 891 P.2d 1180, 1184 (1995) ("[A] writ of prohibition will issue to prevent discovery required by court order entered in excess of the court's jurisdiction."). We therefore exercise our discretion to grant the petition to the extent Andress-Tobiasson requests relief from answering the Commission's written questions under oath.

## III.

The Commission relies on Article 6, Section 21(7) of the Nevada Constitution, NRS 1.462, NRS 1.4667, Commission Procedural Rule 12(3), and Nevada Code of Judicial Conduct (NCJC) Rule 2.16(A) to support requiring a judge to answer written questions under oath at this preliminary stage in the disciplinary process. The Commission concedes that these authorities do not expressly require a response under oath. In contrast, other statutory provisions and the Commission's procedural rules

explicitly provide for responses under oath after a formal statement of charges. *See* NRS 1.467(6) (requiring a judge to answer a formal statement of charges "under oath"); Commission Procedural Rule 22 (requiring that, at the formal hearing following the formal statement of charges, "[a]ll testimony must be under oath").

To be clear, a judge owes an ethical duty to "cooperate and be candid and honest" with the Commission. NCJC Rule 2.16(A). A judge must also "respond to [a] complaint in accordance with procedural rules adopted by the Commission." NRS 1.4667(3). But nothing in our statutes or the Commission's procedural rules authorize the Commission to demand that a judge answer questions under oath during the investigative phase, before a formal statement of charges has issued. We therefore grant Andress-Tobiasson's request for a writ of prohibition to prevent the Commission from requiring her to answer questions under oath at this pre-adjudicative stage of the disciplinary process.

To the extent Andress-Tobiasson asks that we forbid the Commission from asking her questions before a formal statement of charges, regardless of an oath requirement, we deny her petition. The Commission concedes that a response to its questions is voluntary and that it will not apply Procedural Rule 12(3)'s penalty of default to Andress-Tobiasson for failure to answer the written questions. *See* Commission Procedural Rule 12(3) ("Failure of the [judge] to answer the complaint shall be deemed an admission that the facts alleged in the complaint are true and establish grounds for discipline."). While Andress-Tobiasson still has ethical duties of honesty and cooperation, the lack of adjudicative consequences as to the charges under consideration for failing to respond to the questions alleviates the due process concerns amicus curiae suggest.

*See Jones*, 130 Nev. at 105-06, 318 P.3d at 1083 (recognizing that there is an investigatory stage and an adjudicatory stage of judicial discipline proceedings and that "due process rights generally do not attach during the investigatory phase"). Furthermore, the complaint and the questions the Commission sent Andress-Tobiasson are not in the record and Andress-Tobiasson has not raised any other issues regarding the propriety of the specific questions posed to her. On this record, Andress-Tobiasson has not demonstrated that extraordinary relief is warranted to prevent the Commission from sending her written questions and asking her to voluntarily answer them during this stage of the disciplinary process. We therefore

ORDER the petition GRANTED IN PART AND DENIED IN PART. WE DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION preventing the Nevada Commission on Judicial Discipline from requiring Judge Melanie Andress-Tobiasson to answer written questions under oath before a formal statement of charges is filed against her.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: William B. Terry, Chartered
Nevada Commission on Judicial Discipline
Law Offices of Thomas C. Bradley
Law Offices of Lyn E. Beggs, PLLC